**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WYONNA GRAY**, on behalf of herself and others similarly situated, | ) | CASE NO. 2:25-cv-742 |
| Plaintiff, | ) | JUDGE EDMUND A. SARGUS JR. |
| v. | ) | MAGISTRATE JUDGE CHELSEY M. VASCURA |
| **MICHAEL FOODS, INC.** | ) | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) | |

**PLAINTIFF'S FIRST AMENDED COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

Named Plaintiff Wyonna Gray ("Named Plaintiff"), individually and on behalf of others similarly situated, files her First Amended Collective Action Complaint[1] against Defendant Michael Foods, Inc. ("Defendant") for its failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Named Plaintiff's FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The following allegations are based on personal knowledge of Named Plaintiff's conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 for violations of the FLSA.

[1] Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), Named Plaintiff is filing this First Amended Collective Complaint as a matter of course before Defendant has filed any responsive pleading.

2. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to these claims occurred in the Southern District of Ohio, and Defendant has conducted substantial business in the Southern District of Ohio.

## II. PARTIES

### A. Named Plaintiff

3. Named Plaintiff Wyonna Gray is an individual, a United States citizen, and a resident of Ohio living within the Southern District of Ohio.

4. Named Plaintiff has worked for Defendant at its facility in West Jefferson, Ohio as an hourly, non-exempt employee as defined in the FLSA in several positions, including packaging operator, blender, and processor, since approximately May 2024.

5. At all relevant times, Named Plaintiff primarily performed non-exempt duties for Defendant.

6. Named Plaintiff's Consent to Join form was previously filed with the original Complaint, *see* ECF No. 1-1.

### B. Opt-In Plaintiffs

7. In addition to Named Plaintiff, several other similarly situated employees of Defendant in Ohio have joined this case by filing Consent to Join forms. These Opt-In Plaintiffs include Vanessa Ramos (ECF No. 1-2), Diana Clingaman (ECF No. 3-1), and James Hamilton Jr. (ECF No. 5-1).

### C. Defendant

8. Defendant is a for-profit foreign corporation registered to conduct business in Ohio.

Defendant operates 17 plant locations across the United States[2]. Defendant is in the business of producing and supplying food services, food ingredients, and retail offerings[3].

9. At all relevant times, Defendant conducted business in the Southern District of Ohio.

10. At all relevant times, Defendant was an "employer" as the FLSA defines that term due to its employment of Named Plaintiff and those similarly situated as described herein.

11. At all relevant times, Named Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206–07.

12. Defendant operates and controls an enterprise engaged in interstate commerce, manufacturing and selling food services and food ingredients throughout the country.

13. At all relevant times, Defendant suffered or permitted Named Plaintiff and other similarly situated employees to work. The work that Named Plaintiff and other similarly situated employees performed was for Defendant's benefit.

14. During relevant times, Defendant maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including promulgating and enforcing policies affecting wages and overtime payment.

15. Named Plaintiff brings this action on behalf of herself and those similarly situated.

16. Upon information and belief, Defendant has applied or caused to be applied substantially the same employment policies, practices, and procedures to all employees, including policies, practices, and procedures relating to payment of and compliance with the FLSA,

---

[2] *See Work at Michael Foods*, MICHAEL FOODS, https://jobs.postholdings.com/michael-foods (last visited September 5, 2025).
[3] *See About Us*, MICHAEL FOODS, https://michaelfoods.com/about-us/ (last visited September 5, 2025).

including overtime wages, timekeeping, maintenance of records, etc.

17. Based on information and belief, Defendant's annual gross volume of sales or business is not less than $500,000 (exclusive of excise taxes at the retail level).

18. Based on information and belief, Defendant was fully aware at all relevant times that it was legally required to comply with the wage and overtime laws of the United States.

## III. FACTUAL ALLEGATIONS

### A. Unpaid Overtime Due to Unpaid Pre- and Post-Shift Work.

19. Defendant produces and supplies foodservice and food ingredients at facilities across the United States.

20. At all times relevant, Named Plaintiff and other similarly situated production employees have been "employees" as defined in the FLSA.

21. Named Plaintiff and other similarly situated production/manufacturing employees were required to comply with Food and Drug Administration ("FDA") regulations as a component of their jobs. Donning sanitary clothing and equipment, washing and sanitizing their hands, and scrubbing their shoes for the purpose of maintaining sanitary conditions and complying with FDA regulations are linked with the job duties of manufacturing and packaging food products.

22. Named Plaintiff and other similarly situated production/manufacturing employees could not perform their work duties unless they wore sanitary clothing and other protective equipment and engaged in sanitization steps as required by law.

23. Therefore, the donning and doffing of sanitary clothing and other protective equipment, handwashing, hand sanitizing, and other anti-contamination steps are integral and indispensable to the work performed by Defendant's production employees.

24. During all times relevant to this Complaint, Named Plaintiff and other similarly

situated hourly production employees frequently worked more than forty (40) hours per workweek.

25. Named Plaintiff and other similarly situated hourly production employees routinely arrived before the scheduled start of their shifts to complete pre-shift work.

26. Named Plaintiff and other similarly situated hourly production employees were required to change from the clothes and shoes they wore outside of the facility to don separate work clothes and equipment. These work clothes and equipment were kept and worn at the facility to maintain sanitary conditions.

27. Named Plaintiff and other similarly situated hourly production employees were also required to go through a boot scrubber, wash their hands, and further sanitize after donning their sanitary clothing and equipment.

28. Changing into sanitary clothing and equipment is the employees' first principal activity of the workday, and changing out of the sanitary clothing and equipment at the end of their shift is their last.

29. After completing the preceding sanitation steps, Named Plaintiff and other similarly situated hourly production employees entered the production floor.

30. At the scheduled end of their shifts, the Named Plaintiff and other similarly situated hourly production employees returned to the locker rooms to remove their sanitary clothing and protective gear.

31. Defendant maintains a policy or practice that does not pay employees for all time spent performing pre- or post-shift work and accordingly does not compensate them for all time spent performing integral and indispensable work activities.

32. As a result, Named Plaintiff and other similarly situated hourly production employees were not paid overtime wages for all overtime work performed because Defendant's

policies and/or practices required pre- and post-shift work for which Defendant failed to fully compensate Named Plaintiff and other similarly situated hourly production employees.

**B. Unpaid Overtime as a Result of Defendant's Meal Break Policy.**

33. In addition to maintaining a policy or practice whereby Defendant unlawfully fails to fully compensate its hourly production employees for all time spent performing pre- and post-shift work, Defendant requires a daily meal break deduction from its hourly production employees' hours worked. Defendant requires a daily meal break deduction regardless of whether its production/manufacturing employees are fully relieved from compensable job duties for thirty (30) minutes or not. However, Named Plaintiff and other similarly situated production employees regularly did not receive bona fide meal periods or otherwise received shortened meal periods because work was performed during such "meal breaks."

34. Named Plaintiff and other similarly situated production employees are often not provided with a full "meal break" because they must first walk back to the locker rooms to fully doff their sanitary clothing and equipment before they can begin eating or otherwise enjoying their break. The time spent walking and doffing the sanitary clothing and equipment significantly reduced the amount of time Named Plaintiff and other similarly situated production employees took for a meal break.

35. Consequently, Named Plaintiff and similarly situated production employees were not completely relieved of substantive work duties for thirty (30) minutes because of the time they continued performing work during their "meal break," including walking and doffing their sanitary clothing and equipment at the start of their "meal break."

36. After this already shortened "meal break," Named Plaintiff and other similarly situated production employees must also end their "meal breaks" early to return to locker rooms

to again don their sanitary clothing and equipment, complete other sanitization steps, and return to their posts because Defendant required them to fully return from lunch within thirty (30) minutes of the start of the "meal break."

37. Accordingly, Defendant regularly improperly deducted thirty (30) minutes from Named Plaintiff's and other similarly situated production employees' daily hours worked, resulting in unpaid overtime.

38. During relevant times, Defendant suffered or permitted Named Plaintiff and those similarly situated to work more than forty (40) hours per workweek while not compensating them for all such hours worked over forty (40) at a rate of at least one-and-one-half times (1.5x) their regular rates of pay as a result of Defendant's companywide policies and/or practices described above that affected Named Plaintiff and all other similarly situated hourly production employees.

39. Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and hour laws of the United States.

40. During relevant times, Defendant had knowledge of and acted willfully regarding its conduct described herein.

41. Defendant is in possession and control of necessary documents and information from which Named Plaintiff would be able to calculate damages and/or it otherwise failed to keep such records.

## IV. <u>FLSA COLLECTIVE ACTION ALLEGATIONS</u>

42. Named Plaintiff brings her FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself, Opt-In Plaintiffs, and all other similarly situated production employees of the opt-in collective, consisting of:

> **All of Defendant's current and former hourly production employees in Ohio who were paid for 40 or more hours of work**

**during a workweek and (i) don and doff sanitary clothing and equipment or otherwise perform pre-shift and/or post-shift sanitization steps; and/or (ii) were required to have a meal break beginning July 3, 2022 and continuing through final disposition of this case (the "FLSA Collective" or the "FLSA Collective Members").**

43. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA. In addition to Named Plaintiff and Opt-In Plaintiffs, numerous current and former production employees are similarly situated with regard to their claims for unpaid wages and damages. Named Plaintiff is representative of the FLSA Collective and is acting on behalf of their interests as well as her own in bringing this action.

44. These similarly situated production employees are known to Defendant and are readily identifiable through Defendant's records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

## V. CAUSES OF ACTION

### COUNT I:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

45. All of the preceding paragraphs are realleged as if fully rewritten herein.

46. This claim is brought as part of a collective action by Named Plaintiff on behalf of herself, Opt-In Plaintiffs, and the FLSA Collective.

47. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per workweek. 29 U.S.C. § 207(a)(1).

48. During the three (3) years preceding the filing of the initial Complaint, Defendant employed Named Plaintiff, Opt-In Plaintiffs, and the FLSA Collective Members.

49. Named Plaintiff, Opt-In Plaintiffs, and the FLSA Collective Members regularly worked in excess of forty (40) hours in various workweeks.

50. Defendant violated the FLSA with respect to Named Plaintiff, Opt-In Plaintiffs, and the FLSA Collective by failing to compensate them overtime wages for all overtime hours worked because of Defendant's policies and/or practices described above.

51. Defendant also violated the FLSA by failing to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* 29 C.F.R. §§ 516.2, *et seq.*

52. Named Plaintiff, Opt-In Plaintiffs, and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

53. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff, Opt-In Plaintiffs, and the FLSA Collective Members are entitled.

54. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff, Opt-In Plaintiffs, and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

55. As a direct and proximate result of Defendant's conduct, Named Plaintiff, Opt-In Plaintiffs, and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and

attorneys' fees, and all other remedies available on behalf of herself, Opt-In Plaintiffs, and the FLSA Collective Members.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A. Directing prompt issuance of notice to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

B. Finding that Defendant failed to keep accurate records in accordance with the FLSA and that, as a result, Named Plaintiff, Opt-In Plaintiffs, and the FLSA Collective are entitled to prove their hours worked with reasonable estimates;

C. Awarding to Named Plaintiff, Opt-In Plaintiffs, and the Potential FLSA Collective Members unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the FLSA;

D. Awarding to Named Plaintiff, Opt-In Plaintiffs, and the Potential FLSA Collective Members disbursements and reasonable allowances for fees as well as reimbursement of costs and expenses;

E. Awarding to Named Plaintiff, Opt-In Plaintiffs, and the Potential FLSA Collective Members such other and further relief as the Court deems just and proper; and

F. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

G. Rendering a judgment against Defendant for all damages, relief, or any other recovery whatsoever.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Tristan T. Akers (0102298)
1550 Old Henderson Rd
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
agedling@mcoffmanlegal.com
takers@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of September 2025 a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. All other Parties will be notified by email.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman